IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DAVID BLACK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:21-cv-00472 (PTG/WBP) |
| ) | |
| HAROLD W. CLARKE, Director, ) | |
| Virginia Department of Corrections, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner's Motion for Leave to Conduct Discovery and for a Court Order to Obtain Documents. ("Motion"; ECF No. 19.) Petitioner filed the Motion on May 3, 2024 (ECF No. 19), Respondent opposed the Motion on May 15, 2024 (ECF No. 29), and Petitioner replied in support of his Motion on May 29, 2024 (ECF No. 34). On May 31, 2024, the Court heard oral argument on the Motion and, for the reasons stated from the bench and below, the Motion is DENIED.

I.

On April 15, 2015, Bonnie Black was murdered in her home the night before her divorce trial against Petitioner. (ECF No. 2 at 4.) On November 9, 2016, an Arlington County jury convicted Petitioner of murdering Ms. Black in the first degree and of armed burglary, sentencing him to life in prison. (ECF No. 2 ¶ 2.) On February 8, 2017, the state trial court judge entered judgment on the guilty verdict and imposed the jury recommended life sentence. (*Id.*)

On February 24, 2017, Petitioner appealed his murder conviction to the Court of Appeals of Virginia, alleging twelve grounds for reversal. (ECF No. 16-5.) The grounds of reversal

related to the instant Motion include: (1) granting the Commonwealth's motion in limine to exclude evidence of third-party guilt and (2) preventing Petitioner from introducing evidence about Ms. Black's occupation. (ECF No. 16-5 at 4-6.) The Court of Appeals of Virginia affirmed the conviction on January 3, 2019 (*Id.* at 35), and the Supreme Court of Virginia refused the petition for appeal (ECF No. 16-10). Petitioner elected not to file a writ of certiorari with the Supreme Court of the United States of Virginia, making his conviction final as of April 15, 2020. (ECF No. 2 at n.4.)

On April 15, 2021, Petitioner filed petitions for writs of habeas corpus in both the Eastern District of Virginia and the Circuit Court for Arlington County, Virginia. (ECF No.4 at 1.) On June 23, 2021, this Court granted Petitioner's motion to stay all proceedings in this Court until 30 days after Petitioner's state court remedies had been exhausted. (*Id.* at 3-4.) On March 6, 2024, this Court returned this case to the Court's active docket. (ECF No. 11.)

On April 12, 2024, Respondent answered and moved to dismiss under Rule 5 of the Rules Governing Section 28 U.S.C. § 2254 Cases. (ECF Nos. 14, 15.) On April 19, 2024, Respondent Amended his Answer and Motion to Dismiss, to update information relating to transcripts from past proceedings. (ECF Nos. 17, 18.) A motion to dismiss remains pending before the district judge. (ECF No. 18.)

II.

A strong preference exists for finality as to state judgments in habeas corpus cases. *See Shoop v. Twyford*, 596 U.S. 811, 820-21 (2022). To prevent needlessly prolonging a habeas corpus case in federal court, before allowing a petitioner to conduct discovery to develop new evidence in support of a petition, a court must first determine that the proposed discovery may

develop new evidence that lawfully may be considered in a petitioner's case. 28 U.S.C. §2254(e)(2).

Petitioner has made such a request and has asked the Court for permission to conduct discovery with the hope that he can develop and present new evidence in support of his federal petition. (ECF No. 19 at 2-4.) Resolution of this request is governed by 28 U.S.C. § 2254(e)(2) and Rule 6(a) of the Rules governing 28 U.S.C. § 2254 cases.

Rule 6(a) requires a petitioner to seek leave of court to obtain discovery. *See* Rule 6(a), Rules Governing Section 2254 Case. Courts may grant leave for discovery if a petitioner makes a good cause showing for discovery, accompanied by specific allegations suggesting that the petitioner will receive habeas corpus relief. *See id.* and *Hammer v. Clark*, No. 7:23-cv-00003, 2023 WL 6130572, at *6 (W.D. Va. Sept. 19, 2023), *appeal dismissed sub nom. Hammer v. Dotson*, No. 23-7168, 2024 WL 1693871 (4th Cir. Apr. 19, 2024).

Under § 2254(e)(2), the petitioner must satisfy two criteria before discovery will be permitted: the petitioner must (1) show that there is a factual predicate that could not have been previously discovered through the exercise of due diligence and (2) show by clear and convincing evidence that no reasonable fact finder would have convicted Petitioner of the underlying crime if this factual predicate had been known. *See* 28 U.S.C. § 2254(e)(2).

Petitioner seeks two forms of discovery in his Motion. First, he asks permission to depose a witness whom he believes may have some information that he could not obtain before his conviction about an alleged romantic relationship between Mehagen McRae, Petitioner's deceased wife's divorce attorney, and Det. Feltman, the lead detective who investigated the underlying crime on behalf of the Arlington County Police Department ("ACPD"). Petitioner contends that the existence of a romantic relationship between Det. Feltman and Ms. McRae

3

while Det. Feltman investigated the murder of Petitioner's wife—about which he did not learn until after his conviction—might show that Det. Feltman, the ACPD, and the Arlington Commonwealth Attorney's Office ("CA's Office") colluded with Ms. McRae to facilitate Petitioner's prosecution. (ECF No. 19 at 2.)

Second, Petitioner requests an order to obtain "any and all materials, information, and evidence, in any format" from the ACPD and CA's Office related to two pieces of information contained in a Supplemental Information Report ("Report") that was created by the ACPD and that Petitioner contends his trial counsel may not have seen. (ECF No. 19-2 at 3-4.) First, a supposed allegation made by a Defense Intelligence Agency employee, who stated that Ms. Black had been on a "hit list" related to her employment. (ECF No. 19-3 at 188-90.) Second, a comment made by the medical examiner, who mentioned that the stab wounds on Ms. Black's neck were "uncommon" and wondered if the suspect was part of a gang. (*Id.* at 17-18.) Petitioner contends this information establishes additional indications of third-party guilt.

### III.

Petitioner's request for a discovery deposition must be denied for two reasons. Petitioner alleges in this Court that he has satisfied § 2254(e)(2)'s criteria for pursuing discovery based on "a factual predicate that could not have been previously discovered through the exercise of due diligence" because the alleged romantic relationship between Ms. McRae and Det. Feltman was unknown to him at the time of his conviction. (ECF No. 19-2 at 6.) While that fact may be true, Petitioner knew of the alleged romantic relationship when he filed his state petition for habeas corpus relief because he included identical allegations about it in both his state and federal petitions, which were filed on the same day. (*Compare* ECF No. 2 at 10-18 *with* ECF No. 19-5 at 14-21.)

But Petitioner never sought discovery relating to his later discovered evidence theory in state court, as permitted by Rule 4:1(b)(5). *See* Va. Sup. Ct. R. 4:1(b)(5). As a result, Petitioner cannot seek discovery to expand the record in the federal case, when that same factual predicate was known at the time the state petition was filed but discovery was not sought. *See Harrison v. Clarke*, No. 2:14-cv-467, 2015 WL 13081206, at *16 (E.D. Va. May 15, 2015), *report and recommendation adopted*, No. 2:14-cv-467, 2015 WL 13079297 (E.D. Va. Aug. 11, 2015), *dismissed*, 632 F. App'x 124 (4th Cir. 2016) ("Simultaneous exhaustion and procedural default 'occurs when a habeas petitioner fails to exhaust available state remedies . . . .'") (citing *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998)); *Arthur v. Allen*, 452 F.3d 1234 (11th Cir.), *opinion modified on reh'g*, 459 F.3d 1310 (11th Cir. 2006) (denying discovery because petitioner failed to pursue the testing sought in his state petition); *Esposito v. Humphrey*, No. 5:12-cv-163 CAR, 2013 WL 65459, at *1 (M.D. Ga. Jan. 4, 2013) ("A habeas petitioner must have diligently pursued the sought-after discovery in the state courts or the district court must deny his request.").

Nor has Petitioner satisfied § 2254(e)(2)'s second criterion, because the facts he hopes to establish through the requested discovery deposition are not enough to support an acquittal by clear and convincing evidence, a difficult standard to meet. *See Winston v. Kelly*, 592 F.3d 535, 538 (4th Cir. 2010). Petitioner has not met the standard for several reasons. First, the alleged relationship—and the timing of the relationship—between Ms. McRae and Det. Feltman is purely speculative. *See Smallwood v. United States*, No. CR DLB-10-334, 2022 WL 743951, at *6 (D. Md. Mar. 11, 2022), *appeal dismissed*, No. 22-6710, 2024 WL 655665 (4th Cir. Feb. 16, 2024) (denying discovery where petitioner speculated that exculpatory evidence existed). Petitioner admits as much in his briefings: "According to [the third party witness], this situation

5

was highly unusual; there was suspicion that McRae was romantically involved . . . with Detective Christopher Feltman." (ECF No. 21 at 2.)

Even if such a romantic relationship existed, Petitioner has not shown how any such relationship imputed the CA's Office or prejudiced him to the point of an unfair trial.[1] Instead, Petitioner merely states, "Ms. McRae was the Commonwealth's key witness at trial and therefore the true nature of the relationship . . . is relevant[.]" (ECF No. 19-2 at 2.) But "relevance" is not the standard under § 2254(e)(2) and Rule 6(a)—*good cause* must exist, supported by specific allegations that the petitioner is entitled to habeas relief, before discovery may be permitted. *See Harrison*, 2015 WL 13081206, at *10 (denying discovery where petitioner did not show that the alleged expectation bias impacted the examiner's identification) and *Hammer*, 2023 WL 6130572, at *7 (denying discovery because petitioner could not show that a potential eye-witness's account would demonstrate prejudice). Additionally, Petitioner has incorrectly characterized Ms. McRae as the Commonwealth's key witness when, in fact, Ms. McRae was called as a witness by *Petitioner*. (ECF No. 16-2 at 127.)

Petitioner's allegations of collusion between Ms. McRae and the ACPD also is unsupported by Ms. McRae's actual testimony. To the contrary, Ms. McRae testified that there was no collusion between herself and Det. Feltman or anyone else with the ACPD or the CA's Office. (*See generally* ECF No. 16-2.) Ms. McRae testified during the murder trial—again, called as a witness by Petitioner—that she was frustrated with the ACPD and the CA's Office because they would not share information with her during the investigation that she needed to

---

[1] Petitioner has already made this same argument two times—in pretrial motions before the murder trial and in the state habeas petition (ECF Nos. 2, 19-5)—and in both cases the state court held that Ms. McRae was not an agent of the Commonwealth. (ECF Nos. 16-1 at 7; 16-2 at 263.)

handle the post-murder child custody issues between Petitioner and Ms. Black's family. (*Id.* at 198-200.) As an example, Ms. McRae described a June 2015 meeting among her, Ms. Black's family, members of the CA's Office, and Detectives Feltman and Riccio. (*Id.* at 197-98.) Ms. McRae described the nature of the meeting as, "Absolute frustration, anger, not understanding, that was definitely conveyed in that meeting." (*Id.* at 198 lines 8-10.) Ms. McRae testified that her relationship with the Commonwealth was seemingly one sided—Ms. McRae provided helpful information for their investigation, but the ACPD and the CA's Office would not provide her with information about Petitioner's arrest, nor did they ask Ms. McRae for information about the custody case she was handling for Ms. Black's family. (*Id.* at 191.)

Ms. McRae's testimony suggests a disjointed relationship between her, the ACPD, and the CA's Office, not collusion, which serves as an appropriate ground for denying the Motion. *See Smith v. Johnson*, No. 3:09-cv-653, 2012 WL 442223, at *2-3 (E.D. Va. Feb. 9, 2012) (denying discovery where the record showed the opposite of petitioner's habeas claims); *Briscoe v. Buckingham Corr. Ctr.*, No. CIV.A. 00-1080-AM, 2001 WL 34862686, at * 10 (E.D. Va. Sept. 27, 2001) (highlighting how the record does not support the habeas claims); *Hammer*, 2023 WL 6130572, at * 5-6 (underscoring the clear and convincing standard when the state court already resolved issues like witness credibility) (quoting *Sharpe v. Bell*, 593 F.3d 372, 378 (4th Cir. 2010)).

Even if Ms. McRae, Det. Feltman, the ACPD, and the CA's Office had coordinated with one another, Petitioner has identified no legal authority showing that such coordination was improper or would serve as clear and convincing evidence that a jury would not have convicted him if he had been aware of the alleged collusion. Instead, Petitioner's arguments amount to speculation stacked on speculation. But speculation does not rise to the level of factual evidence

7

that would allow Petitioner to advance his claims of prosecutorial misconduct.[2] *See Stephens v. Branker*, 570 F.3d 198, 213 (4th Cir. 2009) (affirming denial of discovery request because petitioner offered no more than speculation that additional information may exist).

IV.

As a second request for discovery, Petitioner asks the Court to order the ACPD and the Commonwealth Attorney's Office to produce "any and all materials, information, and evidence . . . related to the prosecution's investigation of the alleged 'hit list' and its investigation of the 'uncommon' incisions in Ms. Black's Neck, including information on any prosecution decision to provide or not provide such investigative information to Mr. Black's trial counsel." (ECF No. 19-2 at 4.) Petitioner claims that these documents—if they exist—would show that trial counsel and the prosecution failed to question Ms. Black's supervisor at the FBI about the "hit list" allegation, which would demonstrate ineffective assistance of counsel and a failure to disclose third-party exculpatory evidence. (ECF No. 21 at 11.) But this line of reasoning also is highly speculative, and no evidence is alleged to exist about the supposed "hit list" and "uncommon incision" outside the Report. *See Bell v. Kelly*, No. 7:04-cv-00752, 2006 WL 1582046, at *1-2 (W.D. Va. June 7, 2006) (denying a discovery request for documents based on counsel's failure to uncover evidence because it was broad and speculative) and *Sears v. White*, No. 5:12-hc-2066-F, 2013 WL 1209624, at *4 (E.D.N.C. Mar. 25, 2013) (no good cause for discovery where petitioner failed to show beyond speculation that photographs sought existed).

Even if such documents and material do exist, no showing has been made by clear and convincing evidence that a jury would have returned a different verdict. Indeed, the record

---

[2] The state habeas petition decision also found the speculative nature of the facts asserted to be problematic and a basis for denial. (ECF No. 16-1 at 6.)

8

evidence shows that only Ms. Black's and Petitioner's DNA were found at the crime scene, making it unlikely that other evidence would demonstrate third party guilt, resulting in a different outcome at trial. (ECF No. 16-1 at 8-9.) *See Sears*, 2013 WL 1209624, at *4 (denying discovery for alleged photographs because they had little relevance and probative value in proving petitioner's claims) and *Truman v. White*, No. 1:20-cv-602 (LMB/IDD), 2021 WL 150204, at *19 (E.D. Va. Jan. 14, 2021) (denying a discovery request where it was highly speculative and immaterial to the merits).

This second request for discovery is also overly broad and more like a "fishing expedition" for facts. *See Lenz v. Washington*, 444 F.3d 295, 304 (4th Cir. 2006). The Fourth Circuit has held that "[a]n evidentiary hearing . . . is 'an instrument to test the truth of facts already alleged in the habeas petition[,]'" and not an opportunity for petitioners to conduct a fishing expedition to find "some flaw as a basis for post-conviction relief." *Id.* at 304 (quoting *Jones v. Polk*, 401 F.3d 257, 269 (4th Cir. 2005)) and *Alexander v. Evatt*, 23 F.3d 399 (4th Cir. 1994). Before discovery may be ordered, petitioners must make specific and substantial allegations about the information requested and how that information would entitle them to relief. *See Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997). That standard has not been met here, and broad discovery requests like Petitioner's are impermissible in the Fourth Circuit as well as in other circuits. *See generally United States v. Wilson*, 901 F.2d 378, 381 (4th Cir. 1990); *Williams v. Beard*, 637 F.3d 195, 209 (3d Cir. 2011); *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004); *Calderon v. U.S. District Court for the N. Dist. of Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996).

Further, Petitioner's request is excessively broad and vague, in that he seeks "any and all materials, information, and evidence" of the "hitlist" and the "uncommon incision" theory. *See*

9

*Crockett v. Clarke*, No. 3:18-cv-139, 2019 WL 1367741, at *70-71 (E.D. Va. Mar. 26, 2019), *aff'd*, 35 F.4th 231 (4th Cir. 2022) (denying a petitioner's request for "any and all evidence, documentation, or other tangible electronic materials . . . that are relevant" because it sought no information to develop *Brady* claims). A request as broad as Petitioner's does not allow the Court to decide how the requested information would entitle Petitioner to relief. *Porter v. Davis*, No. 3:12-CV-550-JRS, 2014 WL 1153381, at *5-7 (E.D. Va. Mar. 20, 2014) (denying discovery because there was "no way for the court to discern" whether the information sought would entitle petitioner to relief).

Nor does Petitioner adequately explain how the requested discovery, if permitted, rises to the level of being materially relevant such that it would entitle him to relief. *See Sears*, 2013 WL 1209624, at *4 ("without a corresponding claim for which the [discovery] would be probative, petitioner's request amounts to the sort of 'fishing expedition' which is prohibited in habeas corpus."). *See also United States v. Jose*, No. CR DKC 11-0288, 2021 WL 2260377, at *2 (D. Md. June 3, 2021) (citing *United States v. Wilson*, 901 F.2d 378, 381 (4th Cir. 1990) (denying discovery for an "entire file" because it was overbroad and relevance was unasserted by petitioner).

Finally, Petitioner concedes in his Reply that his request for information from the ACPD and the CA's Office, who are not parties before the Court, is improper. (ECF No. 34 at 4.) Respondent Chadwick Dotson, as Director of the Virginia Department of Corrections, is a separate entity from the ACPD and the CA's Office, and he has no agency or authority over those entities. (ECF No. 29 at 4.)

V.

Petitioner has neither meet § 2254(e)(2)'s criteria nor has he made a good cause showing as required by Rule 6(a) for this Court to authorize a subpoena to depose a third party witness or an order to obtain documents from the ACPD or the Commonwealth Attorney's Office.

For all these reasons, it is hereby

ORDERED that Petitioner's Motion for Leave to Conduct Discovery and for a Court Order to Obtain Documents is DENIED.

Entered this 3rd day of June 2024.

Alexandria, Virginia

William B. Porter
United States Magistrate Judge